UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
PARAMOUNT PICTURES CORPORATION,
DISNEY ENTERPRISES, INC.,
CBS BROADCASTING INC.,
AMERICAN BROADCASTING COMPANIES, INC.,
and NBC STUDIOS, INC.,

        Plaintiffs,

        v.

CABLEVISION SYSTEMS CORPORATION
and CSC HOLDINGS, INC.,

        Defendants.
------------------------------------------------------------X



06 CV 3990

06 Civ. ____



## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs Twentieth Century Fox Film Corporation, Universal City Studios LLLP, Paramount Pictures Corporation, Disney Enterprises, Inc., CBS Broadcasting Inc., American Broadcasting Companies, Inc. and NBC Studios, Inc., by their attorneys Arnold & Porter LLP, complain and allege against defendants Cablevision Systems Corporation and CSC Holdings, Inc. (collectively "Cablevision") as follows:

### NATURE OF THE ACTION

1.    This action seeks to resolve a dispute between the owners of the copyrights in numerous well-known television series, motion pictures and other programming exhibited over broadcast and non-broadcast services ("Programs") -- which collectively constitute one of the world's most valuable treasuries of intellectual property

1

-- and a cable television operator that seeks to exploit that programming without obtaining the copyright owners' consent, and in a manner that violates the law. At issue is a new commercial service (the "Proposed Service") that defendant Cablevision has announced an intention to commence offering in June 2006. The Proposed Service will consist of Cablevision copying and retransmitting to subscribers, for a fee and at times of the subscribers' choosing (known in the industry as "on demand"), any of thousands of Programs. While Cablevision apparently will call its service "RS-DVR," presumably to make it sound like a mere extension of digital video recording equipment, the Proposed Service is nothing of the kind. Cablevision's Proposed Service is an unauthorized video-on-demand service that would undermine the video-on-demand, download, mobile device, and other novel and traditional services that plaintiffs and other copyright owners have developed and are actively licensing into the marketplace.

2. As part of the Proposed Service, copies of Programs would be reproduced and stored on Cablevision servers. Cablevision would later retransmit those Programs to its paying subscribers on demand. Neither plaintiffs nor any provision of the Copyright Act authorizes such activity. Cablevision apparently does not intend to seek licenses from the plaintiffs for such unauthorized reproduction and public performance of plaintiffs' copyrighted works, and has no plans to share with plaintiffs the revenues that it will receive from its Proposed Service.

3. Plaintiffs seek a declaratory judgment that Cablevision's Proposed Service would infringe plaintiffs' exclusive reproduction and public performance rights under Section 106 of the Copyright Act, 17 U.S.C. § 106. Plaintiffs also seek, if necessary, preliminary and permanent injunctive relief precluding Cablevision from reproducing and

publicly performing any of plaintiffs' copyrighted works in connection with the Proposed Service, as well as damages.

## JURISDICTION AND VENUE

4. This action arises under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

6. Cablevision resides, and conducts extensive commercial activities, in the State of New York and can be found in this District. Venue in this Court is proper under 28 U.S.C. §§ 1391 (b) and 1400 (a).

## THE PARTIES

7. Plaintiff Twentieth Century Fox Film Corporation ("Fox") is a Delaware corporation, with its principal place of business at 10201 W. Pico Blvd., Los Angeles, California. Fox (together with its subsidiaries and affiliates) is actively engaged in the worldwide production and distribution pursuant to license of copyrighted entertainment products, including Programs.

8. Plaintiff Universal City Studios Productions LLLP ("Universal") is a Delaware limited liability limited partnership, with its principal place of business at 100 Universal City Plaza, Universal City, California. Universal (together with its subsidiaries and affiliates) is actively engaged in the worldwide production and distribution pursuant to license of copyrighted entertainment products, including Programs.

9. Plaintiff Paramount Pictures Corporation ("Paramount") is a Delaware corporation, with its principal place of business at 5555 Melrose Avenue, Los Angeles,

California. Paramount (together with its subsidiaries and affiliates) is actively engaged in the worldwide production and distribution pursuant to license of copyrighted entertainment products, including Programs.

10. Plaintiff Disney Enterprises, Inc. ("Disney") is a Delaware corporation, with its principal place of business at 500 S. Buena Vista Street, Burbank, California. Disney is actively engaged in the licensing of its copyrighted properties, and certain of its affiliates are engaged in the worldwide production and distribution pursuant to license of copyrighted entertainment products, including Programs.

11. Plaintiff CBS Broadcasting Inc. ("CBS") is a New York corporation with its principal place of business at 51 West 52nd Street, New York, New York. CBS is actively engaged in the production and licensed distribution of its Programs, including Programs that it transmits to numerous broadcast stations in the United States, some of which it owns and operates and others that are affiliated with the CBS Network.

12. Plaintiff American Broadcasting Companies, Inc. ("ABC") is a Delaware corporation with its principal place of business at 77 West 66th Street, New York, New York. ABC is actively engaged in the production and licensed distribution of its Programs, including Programs that it transmits to numerous broadcast stations in the United States, some of which it owns and operates and others that are affiliated with the ABC Network.

13. Plaintiff NBC Studios, Inc. ("NBC") is a New York corporation with its principal place of business at 30 Rockefeller Plaza, New York, New York. NBC is actively engaged in the production and licensed distribution of Programs -- including Programs that are transmitted to numerous broadcast stations in the United States and

elsewhere that are affiliated with the NBC Television Network, which is owned and operated by NBC's parent company.

14.     Upon information and belief, defendant Cablevision Systems Corporation is a Delaware corporation, with its principal place of business at 1111 Stewart Avenue, Bethpage, New York. Upon information and belief, defendant CSC Holdings, Inc. is a Delaware corporation, with its principal place of business at 1111 Stewart Avenue, Bethpage, New York, and is a wholly owned subsidiary of Cablevision Systems Corporation. Directly and through over 100 subsidiaries, Cablevision controls one of the largest cable television operations in the United States, including the cable systems in the Bronx and Westchester in this District. Cablevision owns and operates cable systems that provide cable service to approximately 3 million subscribers, primarily in the New York City metropolitan area. Plaintiffs reserve the right to add further or substitute Cablevision corporate entities if appropriate for a complete resolution of this dispute.

## DEFENDANTS' PROPOSED ON-DEMAND SERVICE

15.     Cablevision provides its subscribers with a wide variety of Programs to which it has obtained rights pursuant to negotiated and statutory ("compulsory") licenses. That programming is available as part of different levels of service for which subscribers pay a prescribed fee. It includes broadcast programming (such as that offered by television stations affiliated with the ABC, CBS, FBC and NBC broadcast networks) and non-broadcast programming (such as that offered by premium non-broadcast services, *e.g.*, Showtime, and other non-broadcast services, *e.g.*, the Disney Channel, USA Network, Sci-Fi Channel, CNBC, and MSNBC).

16. In late March 2006, Cablevision announced publicly that it would commence its Proposed Service in June 2006. Cablevision will offer subscribers, who pay a separate fee, access to any of thousands of television programs owned by plaintiffs at times other than the times at which Cablevision has been authorized to retransmit those programs by plaintiffs or by statutory licenses.

17. To provide its Proposed Service, Cablevision will invite subscribers to select, from among those programs offered over Cablevision's cable services, the ones they wish to view at a time following the original airing. Copies of the selected programs will then be recorded onto Cablevision's servers located at Cablevision's facilities. Cablevision will retransmit the copied programming from Cablevision's servers to Cablevision's subscribers, at the times designated by the subscribers. Such retransmissions, like the copies of the programs stored on Cablevision's servers, are not authorized by plaintiffs or statutory licenses.

18. Cablevision will offer the Proposed Service for profit and in competition with other services that provide on-demand transmission of television programming and other video services pursuant to license or other authorization from the owners of the copyrights in such programming, including the plaintiffs. Cablevision does not intend to negotiate terms and conditions with content owners, including plaintiffs, for reproduction and retransmission of copyrighted programming through the Proposed Service.

19. Upon information and belief, Cablevision will commence its Proposed Service imminently -- and without negotiating with plaintiffs or other copyright owners for the rights to do so -- unless restrained by the Court.

## COUNT ONE – COPYRIGHT INFRINGEMENT

20.     Plaintiffs hereby incorporate by reference and reallege each and every allegation of Paragraphs 1 through 19 above.

21.     Each plaintiff is the legal or beneficial owner of the copyrights in numerous Programs that have been, and will be, exhibited on broadcast television stations, non-broadcast programming services and other media outlets. Such Programs include many of the most popular and highly valued movies and other entertainment programming available on television. A non-exhaustive list of such Programs, identifying representative examples of Programs in which Plaintiffs own the pertinent copyright interests, is set forth in Exhibit 1.

22.     Each Program identified in Exhibit 1 is an original audiovisual work that is or will be fixed in a tangible medium of expression and constitutes copyrightable subject matter within the meaning of Section 102 of the Copyright Act, 17 U.S.C. § 102. Each such Program has been registered or pre-registered (or an application for its registration has been filed) with the United States Copyright Office. Representative examples of the copyright registration certificates or other documentation demonstrating compliance with Sections 408 (f) and 411 of the Copyright Act, 17 U.S.C. §§ 408 (f) & 411, and implementing Copyright Office regulations, corresponding to the Programs identified in Exhibit 1, are attached hereto as Exhibits 2 to 44.

23.     Each Program identified in Exhibit 1 has been licensed for exhibition by a broadcast or cable network that Cablevision currently transmits to its subscribers pursuant to negotiated or statutory licenses. Upon information and belief, Cablevision

will include each Program identified in Exhibit 1 and numerous other Programs in which plaintiffs own copyrights, in its Proposed Service.

24.  Under Section 106 of the Copyright Act, 17 U.S.C. § 106, plaintiffs have the exclusive rights, among others, to reproduce copies of their copyrighted works (including the Programs identified in Exhibit 1), to publicly perform their copyrighted works (including the Programs identified in Exhibit 1), and to authorize others to do the same.

25.  No plaintiff has granted any license, permission or authorization to Cablevision to make any reproductions of plaintiffs' works, including the Programs identified in Exhibit 1, as part of Cablevision's Proposed Service. No plaintiff has granted any license, permission or authorization to Cablevision to make any public performances of plaintiffs' works, including the Programs identified in Exhibit 1, as part of Cablevision's Proposed Service.

26.  Upon information and belief, Cablevision will make, or authorize the making of, reproductions and public performances of copyrighted works, including Programs such as those identified in Exhibit 1, as part of its Proposed Service -- all in violation of the exclusive rights granted plaintiffs and other copyright owners under Section 106 of the Copyright Act, 17 U.S.C. § 106. Such conduct would constitute willful copyright infringement that (a) falls outside the narrow compulsory license granted cable systems under Section 111 of the Copyright Act, 17 U.S.C. § 111, for certain retransmission activities, and (b) is not "fair use" under Section 107 of the Copyright Act, 17 U.S.C. § 107. Unless restrained by the Court, such conduct will cause irreparable injury to plaintiffs.

27.     Because Cablevision has not yet commenced its Proposed Service, plaintiffs cannot presently identify with certainty which of their copyrighted works will be infringed by Cablevision. Upon obtaining that information, plaintiffs will seek leave of this Court to amend this complaint to identify the specific works that have been unlawfully reproduced and publicly performed.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray that this Court enter judgment in their favor and against Cablevision as follows:

A.     Adjudge and declare, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 (a) & 2202, that the unauthorized reproductions and retransmissions of plaintiffs' copyrighted works, made as part of Cablevision's Proposed Service, would infringe plaintiffs' exclusive rights under the Copyright Act;

B.     Issue a preliminary and permanent injunction enjoining and restraining Cablevision and its officers, agents, servants, employees and attorneys and all those in active concert or participation with them, from infringing plaintiffs' exclusive rights under the Copyright Act by making unauthorized reproductions and retransmissions of plaintiffs' works as part of the Proposed Service;

  C. Award plaintiffs their damages, costs and reasonable attorneys' fees in accordance with 17 U.S.C. § 505 and other applicable law; and

  D. Award such other and further relief as the Court shall deem appropriate.

By: */s/ Peter L. Zimroth*
Peter L. Zimroth (PZ-1029)
Eleanor M. Lackman (EL-3668)
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York 10022-4690
(212) 715-1000

Robert Alan Garrett
Hadrian R. Katz
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004
(202) 942-5000

*Counsel for Plaintiffs*

Dated: May 24, 2006